**ST. CHARLES COUNTY, Missouri, Respondent,**

v.

**LACLEDE GAS COMPANY, Appellant.**

No. SC 91539.

Supreme Court of Missouri, En Banc.

Aug. 30, 2011.

Rehearing Denied Jan. 31, 2012.

Booker T. Shaw, Mary M. Bonacorsi, Paul D. Lawrence, Carl J. Pesce, Thompson Coburn LLP, St. Louis, for Laclede Gas Company.

Greg H. Dohrman, St. Charles County Counselor's Office, St. Charles, Paul A. Boudreau, Brydon, Swearengen & England PC, Jefferson City, Daniel G. Vogel, Ryan A. Moehlman, Cunningham, Vogel & Rost PC, St. Louis, for St. Charles County, Missouri.

RICHARD B. TEITELMAN, Chief Justice.

This issue in this case is whether St. Charles County ("county") or Laclede Gas Company ("Laclede") has to pay for the relocation of Laclede's gas lines due to the county's plans to widen a public road. The circuit court entered a summary judgment holding that Laclede had to pay for the relocation. The judgment is reversed, and the case is remanded.

## FACTS

Laclede maintains gas lines along Pitman Hill Road in St. Charles County. Pitman Hill Road and the gas lines are located within areas established as public roads on five recorded subdivision plats. Each of the five subdivision plats first establishes public roads and then designates the roads as "utility easements" or a "utility easement." The plats specifically state that one of the purposes of the utility easements is for the installation and maintenance of "gas lines."

The county is planning to widen Pitman Hill Road. Widening Pitman Hill Road will require Laclede to relocate its gas lines. Laclede declined to pay for the relocation. The county filed a declaratory judgment action to require Laclede to bear the cost of relocation. The circuit court entered summary judgment in favor the county. Laclede appeals.

## ANALYSIS

■ "The standard of review of appeals from summary judgment is essentially de novo." *State ex rel. Koster v. Olive*, 282 S.W.3d 842, 846 (Mo. banc 2009) (citing *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993)). "The Court will review the record in the light most favorable to the party against whom judgment was entered." *Id.* "Summary judgment shall be entered if 'there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting Rule 74.04(c)(6)).

■ Laclede's first point on appeal is dispositive.[1] Laclede asserts that its gas lines are located in utility easements creat-ed by the five recorded subdivision plats that establish the location of the public road and associated utility lines. Because easements are "constitutionally cognizable property interests," Laclede concludes that requiring it to relocate its gas lines without compensation amounts to an unconstitutional taking of private property. Laclede is correct.

■ The subdivision plats specifically and unequivocally established a utility easement allowing Laclede to install and maintain its gas lines in the public roadway. When a subdivision plat establishes an easement in favor of a utility, "the interest acquired is held by the city, town, village, or county in trust for the public uses set forth." *State ex rel. Missouri Highway and Transportation Commission v. London, et al.*, 824 S.W.2d 55, 60 (Mo.App.1991). The easement is created upon "acceptance by the appropriate entity." *Id.* In this case, the subdivision plats unequivocally established an easement in favor of Laclede and Laclede accepted the easement by installing and maintaining gas lines within the easement. Laclede has an easement for the gas lines at issue.

■ "An easement, strictly speaking, does not carry any title to the land over which it is exercised; it is rather a right to use the land for particular purposes." *Blackburn v. Habitat Dev. Co.*, 57 S.W.3d 378, 389 (Mo.App.2001) (internal quotations omitted); *Bedard v. Scherrer*, 221 S.W.3d 425, 430–431 (Mo.App.2006). Although an easement does not vest title, an easement is a form of private property that can be taken only upon payment of just compensation. *Panhandle E. Pipe Line Co. v. State Highway Comm'n*, 294 U.S. 613, 617–18, 55 S.Ct. 563, 79 L.Ed.

---

1. Laclede also argues that the trial court erred in admitting parole evidence showing that Laclede previously had relocated its utili-ty lines without requesting reimbursement for relocation costs. There is no need to address this argument.

1090 (1935); *State ex rel. Britton v. Mul-loy*, 332 Mo. 1107, 61 S.W.2d 741, 743 (1933). Because an easement is subject to the Takings Clause of the Fifth Amendment, the general rule is that when a utility's right to construct and maintain its utility equipment is premised upon an easement, the utility is not responsible for the costs of relocating its equipment. *Panhandle E. Pipe Line Co. v. State Highway Comm'n*, 294 U.S. 613, 617–618, 55 S.Ct. 563, 79 L.Ed. 1090 (1935); *Riverside–Quindaro Bend Levee Dist., Platte County v. Missouri American Water Co.*, 117 S.W.3d 140, 156 (Mo.App.2003).

In *Panhandle*, the United States Supreme Court held that a pipeline company was not responsible for the cost of relocating its lines to make way for construction of a highway across the company's easement. *Id.* Because the distribution lines were located on a permanent easement, the State's interference with the pipeline company's property rights constituted a taking. *Id.* Similarly, in this case, Laclede cannot be compelled to relocate its gas lines located within the utility easement without compensation from the county. *Riverside–Quindaro*, 117 S.W.3d at 156.

■■■ The county raises four primary objections to Laclede's claim for relocation costs. First, the county asserts that its inherent police power over public roads gives it the authority to improve Pitman Hill Road without paying Laclede for the relocation of the gas lines. The law is

clear that municipal governments have the exclusive authority to control and regulate public roads. *City of Camdenton v. Sho-Me Power Corp.*, 361 Mo. 790, 237 S.W.2d 94, 98 (1951); 39 Am.Jur.2d Highways, Streets, and Bridges County, section 235. Accordingly, any condition or limitation on the government's authority to "devote the street to the wants and conveniences is void, as against public policy or as inconsistent with the grant." *Sho-Me Power Corp.*, 237 S.W.2d at 98. However, requiring the county to reimburse Laclede for the cost of relocating the gas lines does not limit the county's police power over public roads. The county retains the authority to maintain, improve and regulate Pitman Hill road. Laclede's claim for relocation costs is not a challenge to the city's authority or ability to regulate. Instead, Laclede's claim challenges the county's effort to displace Laclede from its easement by requiring relocation of Laclede's gas lines. Just as the county would be required to reimburse a homeowner for building a road across a yard, the county also is required to reimburse Laclede for displacing the gas lines from Laclede's utility easement.[2]

■■■ Second, the county asserts that pursuant to section 445.070.2 [3] and the doctrine of merger, any easement created by the subdivision plats "vest[s] the fee of such parcels of land ... described or intended for public uses" in the county "in trust and for the uses therein named." [4]

---

**2.** The county cites to a number of cases involving franchise agreements in which the utility has permission to use a public right of way but has no easement. *See, e.g., Bridgeton v. Missouri–American Water Co.* 219 S.W.3d 226, 232 (Mo. banc 2007); *Union Electric Co. v. Land Clearance for Redevelopment Authority of St. Louis*, 555 S.W.2d 29 (Mo. banc 1977). In both of these cases, the Court held that the utility had to pay the costs of relocation when

it maintained utilities pursuant to a franchise agreement rather than an easement.

**3.** All references are to RSMo Supp.2009 unless otherwise indicated.

**4.** Section 445.070 provides:
    1. If any person shall sell or offer for sale any lot within any city, town or village, or any addition thereto, before the plat thereof be made out, acknowledged and recorded,

The county's argument is as follows: (1) section 445.070.2 vests the county with the fee interest in the entire public roadway, including any utility easements; and (2) upon acquisition of fee interest pursuant to section 445.070.2, all easement interests merged into the county's interest in the public roadway.

If the county holds the fee interest in the entire Pitman Hill Road right-of-way pursuant to section 445.070, it does not follow that Laclede is unable to recover relocation costs. The very nature of an easement is that it grants the easement owner the right to a limited use of real property owned by another. A "party holding an easement with a right to use the land for a particular stated purpose does not hold title to the property affected by that easement." *S. Star Cent. Gas Pipeline, Inc. v. Murray*, 190 S.W.3d 423, 430 (Mo.App.2006) (internal citations omitted). Although an easement does not vest title, an easement is a form of private property that can be taken only upon payment of just compensation. *Panhandle E. Pipe Line Co. v. State Highway Comm'n*, 294 U.S. 613, 617–18, 55 S.Ct. 563, 79 L.Ed. 1090 (1935). Thus, the county relies on the doctrine of merger to argue that Laclede's utility easements are wholly encompassed by and have merged into the county's public road rights.

For the doctrine of merger to apply, the county must show unity of title and unity of possession. *See Morgan v. York*, 91 S.W.2d 244, 248 (Mo.App.1936). The county asserts that the undisputed facts and law demonstrate unity of possession due to its inherent police power over both the surface and sub-surface aspects of the public roadway. While the county has regulatory authority over the public road right-of-way, including the utility easements, it is also true that Laclede's easements yield a possessory interest over the gas lines within the utility easement. The doctrine of merger is not applicable.

■ Third, the county argues that even if Laclede has an easement, Laclede is not entitled to relocation costs because its easement did not predate establishment of the public road right of way. It is true that in both *Panhandle*, 294 U.S. at 617–618, 55 S.Ct. 563, and *Riverside–Quindaro*, 117 S.W.3d at 156, the utilities held easements that predated the government's acquisition of a public right-of-way. However, neither case was premised on the proposition that the utility's easement predated the public right-of-way. Instead, both cases were premised on the proposition that the utility could not be divested of its easement without compensation. An easement is a compensable property right irrespective of whether it was acquired prior to or contemporaneously with the creation of the public right-of-way.

■ Finally, the county argues that the primary objective of the subdivision plats was to create a public roadway because the language establishing the roadway preceded the language establishing the utility easements. When interpreting an easement or deed affecting land, courts are to "ascertain the intention of the grantor from the whole of the instrument

---

as aforesaid, such person shall forfeit a sum not exceeding three hundred dollars for every lot which he shall sell or offer to sell. 2. Such maps or plats of such cities, towns, villages and additions made, acknowledged, certified and recorded, shall be a sufficient conveyance to vest the fee of such parcels of land as are therein named, described or intended for public uses in such city, town or village, when incorporated, in trust and for the uses therein named, expressed or intended, and for no other use or purpose. 3. If such city, town or village shall not be incorporated, then the fee of such lands conveyed as aforesaid shall be vested in the proper county in like trust, and for the uses and purposes aforesaid, and none other.

... in line with the intent of their faces as gathered from the everyday good sense of their language." *Blackburn v. Habitat Development Co.,* 57 S.W.3d 378, 386 (Mo. App.2001) (citations omitted). The county is correct to note that the language establishing the public roadway appears before the language establishing the utility easements. No case is cited for the proposition that the paragraph order in which matters are mentioned in a subdivision plat creates priorities of interest, and no principle of land or contract law so establishes. While it is undoubtedly true that a primary objective of the subdivision plats was to establish a public road, it is also true that the subdivision required utility service. The primary purpose of the subdivision plats was to establish both a public roadway and the utility easements. As such, the most reasonable way to view the plats is to conclude that the plats established non-exclusive easements permitting both a public roadway and the provision of utility service to the subdivisions.

The judgment is reversed, and the case is remanded.

RUSSELL, BRECKENRIDGE, FISCHER, STITH and PRICE, JJ., and WOLFF, Sr.J., concur.

