# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-2311

_____

Matthew W. Barnett,

*Plaintiff - Appellant*

v.

Bryce's Bail Bonding, Inc.; Wanda Vickers, Bryce's Bail Bonding, Inc.; John Doe, Bryce's Bail Bonding, Inc.,

*Defendants - Appellees*,

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Batesville.

_____

Submitted: September 23, 2013
Filed: October 17, 2013
[Unpublished]

_____

Before MURPHY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Arkansas prisoner Matthew Barnett appeals the district court's[1] preservice dismissal of his civil complaint, without prejudice, for lack of subject matter jurisdiction. He also challenges the district court's assessment of a $35 initial partial appellate filing fee.

We conclude that the district court's dismissal of the complaint was proper, because Barnett's complaint described both himself and defendants as residents of Arkansas; he provided no other relevant information regarding the parties' citizenship; he asserted claims of (1) breach of contract, (2) breach of fiduciary duty, and (3) tort of outrage; and no federal question was presented on the face of the complaint. See Fed. R. Civ. P. 12(h)(3) (if court determines at any time that it lacks subject matter jurisdiction, court must dismiss action); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (federal-question jurisdiction exists only when federal question is presented on face of complaint); Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997) (plaintiff has burden to plead citizenship of parties when attempting to invoke diversity jurisdiction); see also Laclede Gas Co. v. St. Charles Cnty., Mo., 713 F.3d 413, 417 (8th Cir. 2013) (de novo review of dismissal for lack of subject matter jurisdiction); Campbell v. Dovol, Inc., 620 F.3d 887, 891 (8th Cir. 2010) (issues not raised in trial court cannot be considered by appellate court as basis for reversal).

We further conclude, however, that there was an insufficient basis on which to assess the $35 initial partial appellate filing fee. See 28 U.S.C. § 1915(b) (if prisoner files appeal in forma pauperis, prisoner shall be required to pay full amount of filing fee; court shall assess and, when funds exist, collect, initial partial filing fee of 20 percent of greater of average monthly deposits to prisoner's account, or average monthly balance in prisoner's account for 6-month period immediately preceding filing of notice of appeal).

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

Accordingly, we vacate the district court's assessment of a $35 initial partial appellate filing fee, and we affirm in all other respects.

_____