**STATE ex rel. Gina Marie HOUSKA, Personal Representative of the Estate of Jeffrey A. Houska, Deceased, Relator,**

v.

**The Honorable Ray DICKHANER, Respondent.**

**No. SC 90701.**

Supreme Court of Missouri, En Banc.

Oct. 5, 2010.

Rehearing Denied Nov. 16, 2010.

Thomas J. Ray Jr., Ray Law offices PC, Arnold, for estate.

C. Timothy Rice, St. Louis, for Panagos.

**WILLIAM RAY PRICE, JR.,** Chief Justice.

James T. Panagos, LLC completed work for Jeffrey Houska, but Houska died without paying Panagos. Panagos first brought his claim for payment against Houska's estate two-and-a-half-years later. The trial court held that the claim was barred under sections 473.444 and 473.360, RSMo 2000.[1] Panagos filed a motion for rehearing, which was granted to determine if section 473.444 violated Panagos' due process rights.

The estate seeks an order prohibiting the trial court from reinstating the claim Panagos asserted against it. This Court issued a preliminary writ of prohibition. Section 473.444 does not implicate due process because it is self-executing and does not constitute sufficient state action. The preliminary writ is made permanent.

**I. Facts and Procedural History**

In 2006, Panagos performed electrical contracting services and supplied electrical material for a home being built by Jeffrey Houska. Panagos furnished his invoice, in the amount of $1,498.75, to Houska on October 26, 2006. Houska died one week later, on November 2, 2006, without paying Panagos for his services. On May 11, 2007, the estate published letters of administration. Panagos brought a claim against the estate on May 5, 2009.

The trial court barred Panagos' claim under both sections 473.444 and 473.360,[2] which govern the time periods in which creditors may bring claims against estates. Panagos filed a motion for rehearing, which the trial court granted. The trial court reinstated Panagos' claim on the basis of *Tulsa Professional Collection Services, Inc. v. Pope,* 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), which held that an Oklahoma nonclaim statute violated creditors' due process rights because the trial court was intimately involved in the application of the time bar and the statute did not require the estate to give creditors actual notice. The trial court then set a hearing date to determine whether the standards in *Pope* had been met.

The estate petitioned this Court to prohibit the trial court from reinstating Panagos' claim, and a preliminary writ of prohibition issued. Panagos argues that section 473.444 violates due process because it bars most creditors' claims against an estate that are brought more than one year after a decedent's death and does not require the estate to give the creditors actual notice of the probate proceedings.[3]

1. All statutory references are to RSMo 2000 unless otherwise indicated.

2. Section 473.360 provides that:
 all claims against the estate of a deceased person, ... which are not filed in the probate division of the circuit court within six months after the date of the first published notice of letters testamentary or of administration or, if notice was actually mailed to, or served upon, such creditor, within two months after the date such notice was mailed, or served, whichever later occurs, or which are not paid by the personal representative, within six months after the first published notice of letters testamentary or of administration, are forever barred against the estate ...

 Because the estate concedes that Panagos may be entitled to actual notice under section 473.360, the rest of this Court's analysis focuses on the estate's argument regarding section 473.444.

3. Section 473.444 does not bar recovery of "costs and expenses of administration, exempt property, family allowance, homestead allowance, claims of the United States and claims of any taxing authority within the United States." Panagos' claim does not fall within any of the listed categories.

## II. Standard of Review

 A writ of prohibition is available: (1) to prevent a usurpation of judicial power when the trial court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted. *State ex rel. Missouri Public Defender Comm'n v. Pratte*, 298 S.W.3d 870, 880 (Mo. banc 2009). Prohibition may be appropriate to prevent unnecessary, inconvenient, and expensive litigation. *State ex rel. Henley v. Bickel*, 285 S.W.3d 327, 330 (Mo. banc 2009). Here, where the estate alleges that the trial court improperly reinstated Panagos' claim, a writ of prohibition is the appropriate remedy to prevent unnecessary and expensive litigation.

## III. Analysis

### A. Under *Pope,* Section 473.444 Is Self–Executing and Does Not Implicate Due Process Protections.

 In response to the estate's writ, Panagos argues that section 473.444 violates the Due Process Clauses of the Missouri and United States Constitutions because the statute does not require actual notice to decedents' creditors. Section 473.444 provides:

> Unless otherwise barred by law, all claims against the estate of a deceased person, other than costs and expenses of administration, exempt property, family allowance, homestead allowance, claims of the United States and claims of any taxing authority within the United States, ... *shall become unenforceable and shall be forever barred against the estate ... one year following the date of the decedent's death*, whether or not administration of the decedent's estate is had or commenced within such one-year period and *whether or not during such period a claimant has been given any notice, actual or constructive, of the decedent's death or of the need to file a claim in any court.*

(Emphasis added).

 The Due Process Clause of the Fourteenth Amendment requires states to provide a party with notice that is "reasonably calculated ... to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Pope*, 485 U.S. at 484, 108 S.Ct. 1340 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). "The Fourteenth Amendment protects this interest, however, only from deprivation by *state action.*" *Id.* at 485, 108 S.Ct. 1340 (emphasis added).

Panagos cites *Pope* in support of his contention that section 473.444 violates his right to due process by failing to require that the estate give him actual notice. In *Pope*, the Supreme Court considered an Oklahoma nonclaim statute that required the probate court to appoint an executor or executrix before notice was given to estates' creditors. *Id.* at 486, 108 S.Ct. 1340. The notice triggered a two-month window in which creditors could bring claims against an estate. *Id.* Without court action—appointing the estate's executor or executrix—the two-month time bar would not be activated. The Supreme Court held that the "intimate involvement" of the state court constituted sufficient state action and implicated due process. *Id.*

The Oklahoma statute at issue in *Pope* was not self-executing. The Supreme Court expressly distinguished the applicability of the Due Process Clause to self-executing statutes of limitation. The Supreme Court explained that with a self-executing statute of limitation, the state

has no role other than the enactment of the statute. *Id.* The Supreme Court clarified that the "[s]tate's limited involvement in the running of the time period generally falls short of constituting the type of state action required to implicate the protections of the Due Process Clause." *Id.* at 487, 108 S.Ct. 1340.

■ In the present case, section 473.444 is self-executing. According to the Supreme Court's discussion of self-executing statutes in *Pope,* section 473.444 does not involve sufficient state involvement to implicate due process protections. As this Court has previously noted, section 473.444 "operates independently of any notice, judicial action or jurisdiction of the probate division to bar claims." *Hatfield v. McCluney,* 893 S.W.2d 822, 827 (Mo. banc 1995). The trial court is not "intimately" involved with the application of the one-year limitation in section 473.444. No state action is required to trigger the one-year period; the decedent's death automatically triggers the time period. Because section 473.444 is self-executing, Panagos' due process claim fails.[4]

A one-year limitation is needed to promote the speedy and efficient settlement of estates. The state has an interest in "providing repose for potential defendants and in avoiding stale claims." *Pope,* 485 U.S. at 486, 108 S.Ct. 1340. Section 473.444 facilitates prompt closure of estates and still gives creditors one full year to bring claims.

This Court's holding is consistent with other jurisdictions, which have unanimously held that *Pope* does not apply to self-executing statutes of limitation on creditors' claims that begin running at the time of the decedent's death. *In Re Estate of Ongaro,* 998 P.2d 1097 (Colo.2000); *Estate of Decker v. Farm Credit Services,* 684 N.E.2d 1137 (Ind.1997); *Ohio Casualty Insurance Co. v. Hallowell,* 94 Md.App. 444, 617 A.2d 1134 (1993); *Burnett v. Villaneuve,* 685 N.E.2d 1103 (Ind.App.1997); *Roddy v. Hamilton County Nursing Home,* 1999 WL 172675, 1999 Tenn.App. LEXIS 201 (Tenn.App.1999); *Society Nat'l Bank v. Johnson,* 1997 WL 781741, 1997 Ohio App. LEXIS 5682 (Ohio App.1997); *Fifth Third Bank v. Gottlieb,* 1997 WL 543069, 1997 Ohio App. LEXIS 3815 (Ohio App. 1997).

### B. Panagos Waived Additional Constitutional Claims.

■ In addition to his argument that section 473.444 violates creditors' due process rights, Panagos also argues in his brief before this Court that the statute (1) lacks clear title under article III, section 23 of the Missouri Constitution, and (2) violates the Equal Protection Clause under the Missouri and United States Constitutions. In Missouri, "[c]onstitutional challenges to the validity of any alleged right or defense asserted by a party to an action must be raised at the earliest opportunity consistent with good pleading and orderly procedure." *Litzinger v. Pulitzer Publishing Co.,* 356 S.W.2d 81, 88 (Mo.1962); *see Eisel v. Midwest BankCentre,* 230 S.W.3d 335 (Mo. banc 2007).

In writ proceedings, the parties may not always have an opportunity to raise all

---

4. Panagos also argues that section 473.444 violates the Due Process Clause of the Missouri Constitution. This Court has previously stated that Missouri's Due Process Clause "parallels its federal counterpart, and in the past this Court has treated the state and federal Due Process Clauses as equivalent." *Jami-son v. State Division of Family Services,* 218 S.W.3d 399, 405 (Mo. banc 2007). Panagos fails to show that, in this case, the Due Process Clause in the Missouri Constitution should be construed more broadly than the Due Process Clause of the United States Constitution.

issues in the trial court. In such circumstances, waiver may not occur.

Here, however, Panagos had a full and fair opportunity to brief and argue all of his defenses to section 473.444. In his motion for rehearing, Panagos only argued that barring his claim violated his due process rights. Panagos did not allege that section 473.444 lacked a clear title under article III of the Missouri Constitution or violated his equal protection rights. Panagos' failure to include these issues in his motion for rehearing, or to otherwise raise these additional constitutional issues, precluded the trial court from ruling on the allegations. Panagos waived these additional constitutional claims by not bringing them at the earliest opportunity.

## IV. Conclusion

The preliminary writ of prohibition is made permanent.

All concur.

---

1. All statutory references are to RSMo. (2000), unless otherwise indicated.

