STATE ex rel. SAINT CHARLES
COUNTY, Missouri, Relator,

v.

The Honorable Jon A. CUNNINGHAM,
Respondent.

No. SC 92469.

Supreme Court of Missouri,
En Banc.

Feb. 26, 2013.

Rehearing Denied April 30, 2013.

Modified on Court's Own Motion
April 30, 2013.

Joann M. Leykam, St. Charles County Counselor, Tobi J. Dible, Greg H. Dohrman, County Counselor's Office, St. Charles, for the County.

Booker T. Shaw, Mary M. Bonacorsi, Carl J. Pesce, Paul D. Lawrence III, Thompson Coburn LLP, St. Louis, for Laclede Gas Company.

GEORGE W. DRAPER III, Judge.

In 2008, Saint Charles County and Laclede Gas Company (hereinafter, "Laclede Gas") entered into litigation disputing which party would bear the expense of relocating Laclede Gas' gas lines due to Saint Charles County's road project. Following cross-motions for summary judgment, the circuit court issued a final judgment on the merits in favor of Saint Charles County. On appeal, this Court reversed and remanded the case. *Saint Charles County v. Laclede Gas Co.*, 356 S.W.3d 137 (Mo. banc 2011). Saint Charles County then filed a motion to voluntarily dismiss its litigation pursuant to Rule 67.02. The circuit court overruled Saint Charles County's motion. Saint Charles County seeks a writ of prohibition, claiming the circuit court acted outside its jurisdiction by denying Saint Charles County's motion to voluntarily dismiss its 2008 action against Laclede Gas. This Court's preliminary writ is quashed.

## Factual and Procedural Background

In September 2008, Saint Charles County filed a petition for a declaratory judgment to declare certain subdivision plats created a public right of way and did not vest Laclede Gas with utility easements. The dispute centered on whether Saint Charles County or Laclede Gas had to bear the cost of relocating Laclede Gas' gas lines due to Saint Charles County's road project. The circuit court entered summary judgment holding Laclede Gas was responsible for paying for the relocation of its utility lines as a result of the road project. This Court held Laclede Gas owned compensable easements and Saint Charles County must bear the relocation costs. Thus, this Court's mandate ordered the circuit court's judgment be "reversed, annulled and for naught held and esteemed and [Laclede Gas] be restored to all things which it has lost by said judgment." The mandate further stated that the case be "remanded to the said Circuit Court of Saint Charles County for further proceedings to be had therein, in conformity with the opinion of this Court herein delivered; and that [Laclede Gas] recover against [Saint Charles County] costs and charges herein expended, and have execution therefore."

On the same day this Court's mandate became final and the case was remanded to the circuit court, Saint Charles County filed a motion to voluntarily dismiss the case. Laclede Gas opposed Saint Charles County's motion. Laclede Gas also moved the circuit court to issue a judgment in accordance with this Court's opinion and mandate.

The circuit court took Laclede Gas' motion under advisement and entered an order denying Saint Charles County's effort to dismiss the case. The circuit court reasoned that a voluntary dismissal was improper under Rule 67.02(a)(2) because the case was resolved previously by summary judgment. The circuit court further reasoned that Saint Charles County "cannot avoid this award of costs to [Laclede Gas] by merely dismissing its petition as if it had not been filed in the first place."

Saint Charles County now seeks this writ of prohibition based on its claim the circuit court was bound to accept its motion for voluntary dismissal and the failure to do so means the circuit court is without jurisdiction to proceed with the case. Saint Charles County believes this Court's mandate in the prior case was a general remand of the case and its subsequent voluntary dismissal under Rule 67.02 immediately dismissed the case.

## Standard of Review

■ This Court has jurisdiction to issue original remedial writs. Mo. Const. art. V, sec. 4. A writ of prohibition is available in the following circumstances: (1) to prevent a usurpation of judicial power when the circuit court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion when the lower court lacks the power to act as intended; or (3) when a party may suffer irreparable harm if relief is not granted. *State ex rel. Houska v. Dickhan-*

*er*, 323 S.W.3d 29, 32 (Mo. banc 2010). "Prohibition may be appropriate to prevent unnecessary, inconvenient, and expensive litigation." *Id.*

## Analysis

■ Saint Charles County's argument centers upon its belief that this Court's remand was a "general remand," which has the effect of eliminating prior proceedings and leaving all issues open for consideration. Accordingly, Saint Charles County asserts the remand effectively restarted the case from the very beginning, and the circuit court was required to sustain its motion for voluntary dismissal pursuant to Rule 67.02(a). Saint Charles County's assertion fails because Rule 67.02(a) was not available as a means to dismiss the case in that it was not filed prior to the introduction of evidence at trial.

### a. General Remand

■ "There are two types of remands: (1) a general remand, which does not provide specific direction and leaves all issues open to consideration in the new trial; and (2) a remand with directions, which requires the trial court to enter a judgment in conformity with the mandate." *Guidry v. Charter Communications, Inc.*, 308 S.W.3d 765, 769 (Mo.App. E.D.2010). Here, this Court's prior opinion, while reversing the summary judgment motion entered in favor of Saint Charles County, stated, "The judgment is reversed, and the case is remanded." *Saint Charles County v. Laclede Gas Co.*, 356 S.W.3d 137, 142 (Mo. banc 2011).

The language of the opinion directed the circuit court to reverse its summary judgment and find that Laclede Gas owns compensable easements, requiring Saint Charles County to bear the burden of relocation costs. While the language of the opinion contemplates obligating the circuit

court to enter a judgment in conformity with this Court's mandate, it technically was a general remand that would leave all issues open to reconsideration as there was no language dictating to the circuit court the next action to take.

However, this rationale does not end the inquiry in this case. In the underlying case, there were opposing summary judgment motions. This Court's opinion reversed the circuit court's ruling granting summary judgment in favor of Saint Charles County. There were issues still pending before the circuit court. Allowing a simple dismissal at this stage would prejudice Laclede Gas in that the only way in which Laclede Gas would seek to have its motion favorably ruled upon would be for it to refile its own separate lawsuit. This clearly is a waste of judicial time and economy. Further, this result is prohibited by this Court's rules because an appealable judgment following a summary judgment motion is the equivalent to a bench trial on the merits.

### b. Rule 67.02

Rule 67.02(a)(2) permits a plaintiff to dismiss a civil action in a court-tried case without order of the court anytime prior to the introduction of evidence at the trial. For purposes of the voluntary dismissal rule under Rule 67.02, a "hearing on a motion for summary judgment is a trial before the court without a jury." *Smith v. A.H. Robins Co.*, 702 S.W.2d 143, 146 (Mo. App. W.D.1985) (abrogated on other grounds by *Speck v. Union Elec. Co.*, 731 S.W.2d 16 (Mo. banc 1987)). The grant of a summary judgment is a final, appealable judgment when it disposes of all of the

parties and issues. *School Dist. of Kansas City, Missouri v. Missouri Bd. of Fund Com'rs*, 384 S.W.3d 238, 255 (Mo.App. W.D.2012). "In the case of a summary judgment disposition, a hearing on a motion for summary judgment may constitute 'the trial' for Rule 67.0[2] purposes if it results in a disposition of the case on the merits." *Smith*, 702 S.W.2d at 146. "Rule 67.02(a) exists for the convenience of plaintiffs...." *Richter v. Union Pacific R. Co.*, 265 S.W.3d 294, 299 (Mo.App. E.D.2008). It also seeks to preserve "judicial economy by allowing plaintiffs to withdraw cases without involving the court needlessly." *Id.*

The disputed issues between Saint Charles County and Laclede Gas were litigated fully through summary judgment. Saint Charles County won summary judgment at the circuit court, lost on appeal at this Court, and now, having lost on appeal, wants to dismiss the case.

For purposes of Rule 67.02, Saint Charles County's attempt to voluntarily dismiss its case fails because it was not filed prior to the introduction of evidence at trial and its assertions frustrate the purpose of Rule 67.02, impeding the orderly administration of justice. In this case, there was a fully litigated summary judgment that was appealed and resolved by this Court. Simply allowing Saint Charles County to dismiss its case after it was reviewed by this Court would result in Saint Charles County achieving an undue advantage in that it would circumnavigate this Court's prior opinion. *See Senior Citizens Bootheel Services, Inc. v. Dover*, 811 S.W.2d 35, 40 (Mo.App. S.D.1991).[1]

---

1. Laclede Gas further articulates the concern that Saint Charles County is attempting to thwart this Court's opinion. The parties are engaged in federal and state litigation seeking a determination, in part, of which party would bear the expense of relocating Laclede Gas' gas lines located on the "dedicated easement" due to Saint Charles County's road project—the exact issue that this Court resolved in its prior opinion and that Saint Charles County now seeks to voluntarily dismiss.

Additionally, if Saint Charles County were allowed to voluntarily dismiss its litigation after a determination on the law as set forth by the court of appeals or this Court, this precedent would thwart the intent of this Court's rules. Prospectively, any plaintiff who received an adverse adjudication by an appellate court would be able to voluntarily dismiss its action, thereby negating all law of the case and obtaining an undue advantage by later refiling its cause of action. This result not only would waste precious judicial resources but also would unjustly tip the scales of justice in favor of a plaintiff.

## Conclusion

The circuit court did not err in overruling Saint Charles County's motion to dismiss. Accordingly, this Court's preliminary writ is quashed.

TEITELMAN, C.J., RUSSELL and STITH, JJ., concur; FISCHER, J., dissents in separate opinion filed;

BRECKENRIDGE, J., concurs in opinion of FISCHER, J. WILSON, J., not participating.

ZEL M. FISCHER, Judge.

I respectfully dissent. Prior to any further proceedings[1] after remand, St. Charles County (County) filed a voluntary dismissal of this case pursuant to Rule 67.02. Despite the clear language of Rule 67.02(a)(2), Laclede Gas Company (Laclede) convinced the circuit court it had not lost jurisdiction of the case. This Court issued a preliminary writ, which the principal opinion has quashed. In my view, the circuit court lost jurisdiction over the case when the voluntary dismissal was filed because: (1) this Court's opinion in *St. Charles I* was a general remand and (2) the plain language of Rule 67.02(a)(2) provides for a voluntary dismissal without leave of the court until evidence is presented at a trial. There is no dispute that there was never any evidence introduced nor was there ever a trial. Therefore, the circuit court was without authority to proceed. I would follow this Court's rule as written[2] and make the writ of prohibition permanent.

1. St. Charles County filed a declaratory action in the circuit court seeking a declaration of law that Laclede Gas Company had to bear the cost of relocating its gas lines because the county plans to widen the road along which those lines are located. County and Laclede filed cross-motions for summary judgment on this issue of law. The circuit court, after a hearing, granted County's motion for summary judgment and overruled Laclede's motion for summary judgment. This Court reversed and remanded the case. *St. Charles Cnty. v. Laclede Gas Co.*, 356 S.W.3d 137 (Mo. banc 2011) (*St. Charles I*).

2. The consequence of the principal opinion, which is based purely on policy, is that the timeline when a party can voluntarily dismiss its case has been changed from the introduction of evidence at a trial to the ruling on a summary judgment motion. This Court has the constitutional authority to make those policy decisions by providing rules of procedure and amending those rules as the orderly administration of justice may require. But rule changes do not take effect until six months after they are published. Mo. Const. art. V, § 5 provides:

> The supreme court may establish rules relating to practice, procedure and pleading for all courts and administrative tribunals, which shall have the force and effect of law. The rules shall not change substantive rights, or the law relating to evidence, the oral examination of witnesses, juries, the right of trial by jury, or the right of appeal. The court shall publish the rules and fix the day on which they take effect, but no rule shall take effect before six months after its publication. Any rule may be annulled or amended in whole or in part by a law limited to the purpose.

For a history of Rule 67.02, which reinstituted the language allowing a dismissal in a nonjury case up to the introduction of evidence at the trial in 2007, see State ex rel.

## Analysis

Prohibition is an extraordinary writ and is issued sparingly. *State ex rel. Doe Run Res. Corp. v. Neill,* 128 S.W.3d 502, 504 (Mo. banc 2004). Nevertheless, it is settled law that once a voluntary dismissal is filed in the circuit court in a court-tried case, "prior to the introduction of evidence at the trial[,]"[3] the circuit court loses the authority to further act in the case. Rule 67.02(a)(2); *State ex rel. Fisher v. McKenzie,* 754 S.W.2d 557, 560 (Mo. banc 1988).

## General Remand

As the principal opinion concedes, *St. Charles I* was a general remand. Op. at 496. That consequence has legal significance to this case.[4] A general remand leaves all issues open for consideration, and the pleadings may be amended and new facts produced. *Butcher v. Main,* 426 S.W.2d 356, 358 (Mo.1968). The opinion of this Court in *St. Charles I* gave no specific directions but stated "the judgment is reversed, and the case is remanded." 356 S.W.3d at 142. If the mandate of *St. Charles I* was merely to grant summary judgment for Laclede, as the principal opinion suggests, this Court should have done so pursuant to Rule 84.14.[5]

## Rule 67.02 Voluntary Dismissal

At the time that County filed its voluntary dismissal, the circuit court had overruled Laclede's motion for summary judgment and this Court had reversed the circuit court's granting of County's motion for summary judgment and no evidence had been introduced at a trial; therefore, its voluntary dismissal was effective as of the date it was filed. This Court's previous case law and amendments to its rule regarding voluntary dismissal demonstrate that voluntary dismissal pursuant to current Rule 67.02(a)(2) is permitted without leave of the court and is allowed up until evidence has been introduced *at the trial* in a court-tried case. Further, this Court's binding precedent provides that, after the case was dismissed, the circuit court could take no further action and any step attempted is viewed as a nullity. *Garrison v. Jones,* 557 S.W.2d 247, 249 (Mo. banc 1977). The circuit court's act, attempting to overrule County's voluntary motion to dismiss pursuant to Rule 67.02(a)(2), therefore, was without legal au-

---

Frets v. Moore, 291 S.W.3d 805 (Mo.App. 2009).

**3.** Rule 67.02 states:

(a) Except as provided in Rule 52, a civil action may be dismissed by the plaintiff without order of the court anytime:
(1) Prior to the swearing of the jury panel for the voir dire examination, or
(2) In cases tried without a jury, prior to the introduction of evidence at the trial.

**4.** The mandate cannot add or subtract from the opinion, and the opinion in this case gave no directions other than to have further proceedings in conformity with the opinion.

Where a judgment is reversed and remanded with specific directions to enter a particular judgment, the mandate is in the nature of a special power of attorney and must be followed by the trial court without deviation, but the rule is not applicable where a judgment is reversed and remanded for further proceedings in accordance with the opinion because in every case of remand further proceedings should be "in accordance with the opinion" whether or not that admonition is appended.

*Sebree v. Rosen,* 374 S.W.2d 132, 136 (Mo. 1964) (internal citations omitted).

**5.** Rule 84.14 states:

The appellate court shall award a new trial or partial new trial, reverse or affirm the judgment or order of the trial court, in whole or in part, or give such judgment as the court ought to give. Unless justice otherwise requires, the court shall dispose finally of the case.

thority. *See State ex rel. Fisher v. McKenzie*, 754 S.W.2d 557, 558 (Mo. banc 1988).

In *Garrison*, this Court interpreted Rule 67.01, the prior rule allowing voluntary dismissal in court-tried cases "prior to the introduction of evidence." This Court stated: "The stage of the proceedings described in Rule 67.01 as 'prior to the introduction of evidence' refers to the introduction of evidence at the trial of the cause on the merits. It does not refer to hearings on pretrial motions or the introduction of evidence with respect to such motions." *Garrison*, 557 S.W.2d at 249. Rule 67.01 was amended, in 1981, to state, in pertinent part:

> A civil action may be dismissed by the plaintiff without prejudice without order of court at any time prior to the introduction of evidence at the trial. After the introduction of evidence is commenced, a plaintiff may dismiss his action without prejudice only by leave of court or by written consent of the adverse party.

The 1981 Committee Note directly following Rule 67.01 made clear that the "at the trial" language "was added to make it clear that the introduction of evidence at a pretrial hearing does not affect the right of voluntary dismissal."

After a 1994 amendment, Rule 67.02 controlled voluntary dismissals. In 2002, Rule 67.02 was amended and the phrase "at the trial" was removed. The new Rule 67.02 read:

> (a) Except as provided in Rule 52, a civil action may be dismissed by the plaintiff without order of the court anytime:

> (1) Prior to the swearing of the jury panel for the voir dire examination, or

> (2) In cases tried without a jury, prior to the introduction of evidence.

In 2007, Rule 67.02 was amended again and the phrase "at the trial" was reinstated. Rule 67.02(a)(2), which has not been modified by this Court since that time and, therefore, is applicable to this case, states: "In cases tried without a jury, prior to the introduction of evidence at the trial."

It is well-settled that a motion for summary judgment in Missouri, which sometimes may result in a judgment on the merits, is a pretrial motion. *See, e.g., Rice v. Hodapp*, 919 S.W.2d 240, 246 (Mo. banc 1996); *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 860 (Mo. banc 1993); *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo. banc 1993); *Martin v. City of Washington*, 848 S.W.2d 487, 491 (Mo. banc 1993); *Burns v. Owens*, 459 S.W.2d 303, 304 (Mo.1970). "The purpose of summary judgment is to move the parties beyond the bare allegations in their pleadings and to determine if a dispute in fact exists for trial." *Martin*, 848 S.W.2d at 491.

The principal opinion relies on *Smith v. A.H. Robbins Co.*, 702 S.W.2d 143, 146 (Mo.App.1985) (abrogated on other grounds by *Speck v. Union Elec. Co.*, 731 S.W.2d 16 (Mo. banc 1987)), for the proposition that, "[f]or purposes of the voluntary dismissal rule under 67.02, a 'hearing on a motion for summary judgment is a trial before the court without a jury.' " Op. at 496. In my view *Smith*, decided by the court of appeals in 1988, is not persuasive or binding precedent[6] in large part be-

---

6. *Smith* is also procedurally distinguishable. In *Smith*, summary judgment was granted against the plaintiff, and the circuit court had notified the parties that it had sustained the defendant's motion for summary judgment and entered judgment against the plaintiff when the plaintiff attempted to dismiss the case. 702 S.W.2d at 145. In the present case, there was no ruling by any court granting Laclede's motion for summary judgment

cause this Court's rule and precedents hold that the introduction of evidence at hearings for *pretrial* motions does not affect the rule governing voluntary dismissal. *McKenzie,* 754 S.W.2d at 558; *Garrison,* 557 S.W.2d at 249; *see also Frets,* 291 S.W.3d at 810 n. 3.

The principal opinion's conclusion, that the preliminary writ should not be made permanent in this case because the purpose of Rule 67.02 would be frustrated or the orderly administration of justice would be impeded, fails to adequately consider that no claim for actual compensation has yet been made in this case. This Court has the constitutional authority to prescribe and amend the rules of procedure and, as demonstrated above, has done so as it perceived the administration of justice justified modifying the applicable rule. Further, while I understand the principal opinion's attempt to impose its sense of fairness as to the result in this case,[7] in my view it is more important for this Court to follow its own rules as written to the cases that come before it. If the rules need to be amended or modified to change the law, this Court has the constitutional authority to do so in due course. But the constitution recognizes that the orderly administration of justice does not permit changing the rules without notice. Mo. Const. art. V, § 5.

The parties merely sought a declaration of law as to who would be responsible to pay for the costs of relocating the gas lines. They got one.

### Conclusion

Rule 67.02 allows for the filing of a voluntary dismissal without an order of the circuit court, and it was effective upon the date of filing. The filing of County's voluntary dismissal deprived the circuit court of authority to act further in the case, and I would make the writ permanent. Extraordinary writs should only be used in extraordinary cases, but the circuit court's failure to recognize that it had lost jurisdiction because it had no authority to ignore the voluntary dismissal is extraordinary.

---

prior to the time County voluntarily dismissed its petition.

7. The principal opinion contends that following the rule as written would "waste precious judicial resources," op. at 497, but the result in this case would have been the same if this Court had merely exercised its discretionary authority to deny the request for extraordinary writ without briefing, oral argument and opinion, which in my view is a more appropriate use of judicial resources than changing a rule of civil procedure by opinion.