

## In the
## Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| JAMES DYE, DDS, ET AL., | ) | |
| | ) | |
| Appellants, | ) | WD78352 |
| | ) | |
| v. | ) | OPINION FILED: December 8, 2015 |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| SOCIAL SERVICES, MISSOURI | ) | |
| MEDICAID AUDIT AND | ) | |
| COMPLIANCE UNIT, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
The Honorable Jon E. Beetem, Judge

Before Division One: Anthony Rex Gabbert, Presiding Judge, Victor C. Howard, Judge
and Cynthia L. Martin, Judge

James Dye, DDS ("Dye") and Brenda Herrman, DDS ("Herrman") (collectively "Appellants") appeal a judgment in favor of the Missouri Medicaid Audit and Compliance Unit ("MMAC"). Appellants argue that the trial court lacked jurisdiction to enter the judgment because they filed a motion to voluntarily dismiss their case before the judgment was entered, rendering the judgment a nullity. Finding no error, we affirm.

## Factual and Procedural History

In May 2013, the MMAC informed Dye that it would be conducting an audit of Medicaid claims Dye and his dentist office, All About Smiles, LLC, had filed with the MMAC. In June 2013, the MMAC informed Dye that it was sanctioning Dye by requiring him to file Medicaid claim forms by mail, rather than electronically, permitting the MMAC to review all claims prior to payment ("Sanction"). Dye and All About Smiles, LLC appealed this administrative decision by filing a petition for review with the Administrative Hearing Commission.

On June 25, 2013, Dye and All About Smiles, LLC separately filed a petition in the Greene County Circuit Court. The petition sought a temporary restraining order to prevent the MMAC from enforcing the Sanction "until such time as the Administrative Hearing Commission can conduct a review of" the MMAC's decision. The petition alleged, among other things, that Dye's due process rights had been violated by the imposition of the Sanction without prior notice and a hearing. The lawsuit was transferred to the Circuit Court of Cole County on July 3, 2013, based on a change of venue.

The docket sheet reflects that an amended petition was filed on July 26, 2013, again seeking a temporary restraining order, and that a second amended petition seeking a temporary restraining order was filed on August 21, 2013.

A hearing was conducted on September 5, 2013, regarding Dye's request for a temporary restraining order. During the hearing, the parties argued about whether Dye had administrative remedies available, whether Dye's amended petition properly invoked

2

the trial court's authority to conduct judicial review of a noncontested agency decision under section 536.150,[1] and whether the amended petition properly sought a temporary restraining order pursuant to Rule 92.[2] The trial court expressed reservations about whether Dye's petition was sufficient to request judicial review pursuant to section 536.150. A September 5, 2013 docket entry indicates that the trial court denied Dye's request for a temporary restraining order "without prejudice," and dismissed Dye's petition "with leave granted to file an amended pleading within the next twenty (20) days and failing to do so, the cause will be dismissed."

On September 17, 2013, the docket sheet indicates that Dye filed an "amended petition for judicial review and preliminary injunction." The amended petition is not included in the record on appeal. According to the docket sheet, MMAC filed a motion to dismiss the amended petition with respect to All About Smiles, LLC, suggesting that All About Smiles, LLC was also named as a plaintiff in the amended petition.[3] MMAC also filed a motion opposing the request for preliminary injunctive relief.

On September 24, 2013, the parties appeared for a hearing, presumably to address MMAC's pending motions. The docket sheet indicates that on October 2, 2013, the trial court entered an order granting in part and denying in part the petition for preliminary injunction and dismissing the amended petition as to plaintiff All About Smiles, LLC. A copy of the trial court's written order addressing these rulings has not been made a part of

---

[1]All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

[2]All citations to the Rules are to *Missouri Court Rules Volume I--State* (2015).

[3]Because Herrman is an Appellant, we assume she was also named as a plaintiff in the amended petition. There had been discussion during the September 5, 2013 hearing about whether Herrman was properly before the court as a plaintiff since she was not named in the caption of the several petitions filed by Dye before the September 5, 2013 trial court order dismissing his petition with leave to refile.

the record on appeal. And no transcript from the September 24, 2013 hearing has been provided. We thus cannot discern from the record on appeal the extent to which evidence was taken at the hearing to support the trial court's subsequent entry of a preliminary injunction--primary relief sought by the Appellant's amended petition.[4]

According to the docket sheet, on January 7, 2014, Appellants sought leave to file a second amended petition. MMAC opposed the motion. According to the docket sheet, on January 23, 2014, MMAC filed a motion to amend the trial court's October 2, 2013 preliminary injunction order.

The trial court conducted a hearing on January 23, 2014, the transcript for which has been made a part of the record on appeal. The trial court addressed MMAC's motion to amend the preliminary injunction. The docket sheet indicates that an amended order granting and denying in part Appellants' petition for preliminary injunction was entered on January 23, 2014. A copy of this order is not included in the record on appeal.

During the same hearing the parties also discussed the remaining matters to be determined as framed by Dye and Hermann's amended petition and the best way to resolve those matters. Appellants' counsel advised the trial court that he "think[s] we should just set it for trial." The parties agreed on a trial date of April 18, 2014.

---

[4]Because we otherwise conclude that the Appellants had no right to voluntarily dismiss their lawsuit without prejudice without an order from the trial court, we need not resolve whether the introduction of evidence to secure a preliminary injunction constitutes the submission of evidence at trial pursuant to Rule 67.02(a) when a preliminary (and not a permanent) injunction is the principle relief sought by a petition. *Cf. Cook v. McElwain*, 432 S.W.3d 286, 290 (Mo. banc 2014) (noting that "[g]enerally, a preliminary injunction hearing is not . . . considered a 'trial',' meaning a trial on the merits," in a case where a permanent injunction was sought by the petition) (citation omitted).

On April 18, 2014, the parties appeared for trial. At that time, Appellants' counsel advised the trial court that because of developments in proceedings before the Administrative Hearing Commission, he no longer needed the trial court to review documentation involving claims that remained subject to the Sanction and only needed the court to determine whether his due process rights had been violated by the denial of a pre-deprivation hearing before imposition of the Sanction. Appellants' counsel advised the trial court that he had "a trial brief and a motion for judgment on the pleadings, [and] associated exhibits, that I would like to offer to the court." [Tr. 91] Counsel then advised the court that "[t]he only thing that I intend to put on today is evidence with regard to the question of notice, what notice and what opportunity to be heard, the due process issue, that is all I intend to put on." [Tr. 92] The pleadings and exhibits submitted by the Appellants to the trial court have not been included in the record on appeal.

After receiving the materials submitted by the Appellants, and hearing argument from both parties regarding the Appellants' due process claim, the trial court reiterated that it would only be deciding whether the Appellants' due process rights were violated and then stated: "I'll show the cause submitted on that basis." Docket entries for April 18, 2014, show that evidence was taken and that the cause was taken under advisement.

On July 9, 2014, Appellants filed a motion to dismiss their lawsuit without prejudice. The motion made no reference to Rule 67.02(a) and instead argued that the trial court did not have jurisdiction to entertain the due process issue submitted to it for decision. MMAC opposed the motion. The trial court did not rule on the motion.

On December 31, 2014, the trial court entered a judgment ("Judgment") ruling that the Appellants' due process rights were not violated by imposition of the Sanction.

The Appellants timely appeal.

**Analysis**

In their sole point on appeal, the Appellants argue that the trial court lacked jurisdiction to enter the Judgment because they filed a motion to dismiss their case without prejudice pursuant to Rule 67.02(a) before the Judgment was entered, rendering any subsequent action by the trial court a nullity.

Rule 67.02(a) provides that "a civil action may be dismissed by the plaintiff without order of the court anytime . . . [i]n cases tried without a jury, prior to the introduction of evidence at the trial." "A voluntary dismissal is effective on the date it is filed with the court." *State ex rel. Frets v. Moore*, 291 S.W.3d 805, 812 (Mo. App. S.D. 2009) (internal citation omitted). "Consequently, a trial court loses jurisdiction to enter any subsequent orders regarding the dismissed action." *Id.* "The circuit court may take no further steps as to the dismissed action, and any step attempted is viewed a nullity." *Id.* Thus, the dispositive question presented in this case is whether the Appellants' motion to dismiss was filed "prior to the introduction of evidence at the trial." We conclude that it was not.

We note at the outset that the motion to dismiss without prejudice filed by the Appellants did not purport to be based on Rule 67.02(a) but instead argued a substantive basis for dismissal--that the trial court lacked jurisdiction to entertain the due process

6

issue submitted to it for decision on April 18, 2014. We are not persuaded, therefore, that the Appellants ever attempted to exercise their rights pursuant to Rule 67.02(a).[5]

Even if we view the motion to dismiss without prejudice as having been filed pursuant to Rule 67.02(a), the Appellants' claims not already resolved by the grant of a preliminary injunction were set for trial at the Appellants' request on April 18, 2014. The parties appeared on that date prepared to proceed to trial. The Appellants' announced that given intervening developments before the Administrative Hearing Commission, the Appellants were withdrawing all remaining issues framed by their petition except whether imposition of the Sanction without prior notice and a hearing violated their due process rights. The Appellants submitted the materials they deemed essential to the trial court's determination of this issue. Those materials included a trial brief, a motion for judgment on the pleadings, and related exhibits. The trial court's docket entries reflect that "evidence" was taken on April 18, 2014, and that the case was taken under advisement. This was a trial.

The Appellants argue that no "evidence" was submitted to the court, and that no trial occurred on April 18, 2014, because the trial court needed only resolve an issue on the pleadings. The limited record on appeal we have been provided refutes both assertions.[6] The case was set for trial on April 18, 2014. The docket sheet states that

[5]During oral argument, the Appellants took the position that they are alternatively claiming error on appeal because the Judgment is legally erroneous, as the trial court had no legal authority to determine the due process issue framed by the Appellants' amended petition, and submitted to the trial court for decision on April 18, 2014. Appellants' point on appeal does not raise this claim of error, and no such claim of error is preserved for our review.

[6]We are aided in our conclusion that the record refutes the Appellants' contentions by what the Appellants have failed to include in the record on appeal. The Appellants have not provided us with the version of their petition giving rise to the Judgment; with preliminary injunction orders affording the Appellants the primary relief sought in their lawsuit; or with the pleadings and exhibits submitted to the trial court on April 18, 2014. Rule 81.12(a)

evidence was taken on April 18, 2014. The transcript reflects that Appellants' counsel offered exhibits to the trial court on April 18, 2014, and that Appellants' counsel intended to offer evidence on the due process issue. However narrow the remaining issue to be determined, the parties appeared on the date set for trial and provided the trial court with all the information they deemed necessary to permit the trial court to fully and finally determine the substantive rights and liabilities of the parties. *See Washington Univ. Med. Ctr. Redevelopment Corp. v. Komen*, 637 S.W.2d 51, 53 (Mo. App. E.D. 1982) ("Once evidence is submitted at the trial on the merits the substantive rights and liabilities of the parties are at stake. Beyond this point leave of court is required for dismissal.").

Because the Appellants filed their voluntary dismissal after evidence was entered at trial, they were not entitled to voluntarily dismiss their lawsuit without prejudice without leave of the trial court. The trial court retained its jurisdiction to enter the Judgment.

Point one is denied.

## Conclusion

We affirm the Judgment of the trial court.

_____
Cynthia L. Martin, Judge

All concur.

---

requires the record on appeal to "contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." Where pleadings, transcripts, or exhibits are not made a part of the record on appeal, such "omissions will be taken as favorable to the trial court's ruling and unfavorable to the appellant." *Saturn of Tiffany Springs v. McDaris*, 331 S.W.3d 704, 712 (Mo. App. W.D. 2011) (citation omitted).