Cynthia L. Martin, Judge
Appellants Amoso Blanc, et al. ("Taxpayers") appeal from the judgment of the trial court issuing a permanent writ prohibiting the State Tax Commission ("Commission") from exercising jurisdiction over Taxpayers' appeals to the Commission. Taxpayers argue that the trial court erred in construing section 138.135.2[2] to preclude the Commission from exercising jurisdiction over appeals from final decisions of the county board of equalization issued in even-numbered years. Taxpayers also claim that the trial court erred in issuing a permanent writ of prohibition because the county assessor had an adequate remedy at law, and because the Commission had jurisdiction to hear Taxpayers' claims that the county board of equalization unlawfully denied them hearings. We affirm.
Factual and Procedural Background
Taxpayers are owners of 95 residential properties located in St. Louis County, a first-class county in Missouri. Respondent Jake Zimmerman is the St. Louis County Assessor ("Assessor").
In 2013, Taxpayers appealed the assessed values of their properties, as determined by Assessor, to the St. Louis County Board of Equalization ("County Board"). The assessed values of six properties were settled between their owners and Assessor before the County Board issued a decision in 2013. The County Board issued decisions regarding assessed values for Taxpayers' remaining 89 properties. Taxpayers did not appeal the County Board's 2013 decisions to the Commission.
In 2014, Taxpayers appealed the assessed values of their properties to the County Board for the 2014 tax year, including the values of the six properties involved in settlements with Assessor. The assessed values for the properties were the *399 same as had been determined by the 2013 settlements and/or County Board decisions.
The County Board scheduled a hearing for each of the Taxpayers' properties, but then dismissed the Taxpayers' 2014 appeals without conducting hearings. Taxpayers appealed the County Board's dismissal of their 2014 appeals to the Commission.[3] The indicated basis for each of the appeals to the Commission was overvaluation of the property and the County Board's denial of a hearing.
The Commission ordered Assessor to file a response to Taxpayers' appeals. Assessor attached the response to an e-mail correspondence with the Commission. In subsequent e-mail correspondence to the Commission, Taxpayers asserted that the County Board denied them hearings in violation of section 138.135.3. The Commission entered an order permitting Taxpayers' appeals and assigning a hearing officer.
Assessor filed a motion to reconsider and to dismiss the appeals for lack of subject matter jurisdiction. The Commission's hearing officer denied Assessor's motion. Assessor filed an application for review with the Commission. Assessor asserted that Taxpayers had made no claims of new construction or property improvements, and that based on section 138.135.2, the County Board was not required to hear the Taxpayers' appeals in 2014. The Commission denied Assessor's application for review, finding that Taxpayers were permitted to appeal to the Commission.
Assessor filed a petition for writ of prohibition with the trial court.[4] Assessor asserted that the Commission did not have subject matter jurisdiction over Taxpayers' appeals. Additionally, Assessor cited section 138.135.2, arguing that it required County Board assessments issued in an odd-numbered year to remain the same for the subsequent even-numbered year, absent new construction or property improvements in the odd-numbered year. Assessor stated that none of the Taxpayers claimed that new construction or property improvements occurred in 2013. Assessor maintained that the Commission thus lacked jurisdiction over the 2014 appeals and lacked the power to change the 2014 assessments. Assessor argued that a writ of prohibition was appropriate because the Commission lacked jurisdiction, and to avoid unnecessary litigation.
The trial court entered a preliminary writ prohibiting the Commission from acting on the 2014 appeals pending a final decision from the trial court. Taxpayers intervened in the writ proceeding, and a hearing was held on Assessor's petition for writ of prohibition. Following the hearing, the trial court entered judgment in favor of Assessor, making the writ of prohibition permanent and prohibiting the Commission from "exercising jurisdiction" over Taxpayers' 2014 appeals.
The trial court held that a plain and clear reading of section 138.135.2 indicates that decisions rendered in odd-numbered years by the County Board or the Commission control even-year assessments absent new construction or property improvements. The trial court found that Taxpayers had not claimed any new construction or property improvements. Thus, the trial court held that section 138.135.2 rendered the Commission powerless to change the County Board's 2013 assessments, *400 providing a reason to grant the writ of prohibition. Furthermore, the trial court determined that there was not an adequate remedy by way of appeal for Assessor due to the high volume of appealed assessments. As to Taxpayers' contention that the County Board violated section 138.135.3 with respect to a required hearing, the trial court concluded that section 138.135.3 did not apply to the appealed assessments.[5]
Taxpayers filed this timely appeal.[6]
Standard of Review
We review the issuance of a writ of prohibition for an abuse of discretion. State ex rel. Cass Cty. v. Mollenkamp , 481 S.W.3d 26, 29 (Mo. App. W.D. 2015). An abuse of discretion occurs "when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." State ex rel. Jackson Cty. Prosecuting Attorney v. Prokes , 363 S.W.3d 71, 75 (Mo. App. W.D. 2011) (quoting Anglim v. Mo. Pac. R.R. , 832 S.W.2d 298, 303 (Mo. banc 1992) ). An abuse of discretion also occurs if the trial court "fails to follow the applicable statutes." State ex rel. Washington Univ. v. Richardson , 396 S.W.3d 387, 391 (Mo. App. W.D. 2013). Where the issuance of a writ is " 'based upon interpretation of a statute,' our review of the statute's meaning is de novo. " Id. (quoting Pitts v. Williams , 315 S.W.3d 755, 759 (Mo. App. W.D. 2010) ). In applying this de novo review, "the primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute." State ex rel. Bank of Am. N.A. v. Kanatzar , 413 S.W.3d 22, 27 (Mo. App. W.D. 2013).
"[A]ppellate courts are primarily concerned with the correctness of the result reached by the trial court, [and] are not bound by its rationale and may affirm the judgment on any grounds sufficient to sustain it." State ex rel. Feltz v. Bob Sight Ford, Inc. , 341 S.W.3d 863, 868 n.3 (Mo. App. W.D. 2011) (quoting Russo v. Bruce , 263 S.W.3d 684, 687 (Mo. App. S.D. 2008) ). The trial court's judgment "will be affirmed if cognizable under any theory, regardless of whether the reasons advanced by the trial court are wrong or not sufficient." Id. (quoting Bus. Men's Assur. Co. of Am. v. Graham , 984 S.W.2d 501, 506 (Mo. banc 1999) ).
*401 Analysis
Taxpayers assert three points on appeal. In their first point on appeal, Taxpayers claim that the trial court erroneously interpreted section 138.135.2 to grant a permanent writ prohibiting the Commission from exercising authority[7] over appeals filed from a final decision of the County Board in an even-numbered year. In their second point, Taxpayers contend that the trial court erred in issuing a permanent writ of prohibition because Assessor had an adequate remedy at law by way of an appeal from any Commission decision. In their third point, Taxpayers claim that it was error to issue a permanent writ of prohibition because the Commission had authority to determine whether the County Board violated section 138.135.3 in dismissing their appeals without hearings. We address these points collectively, though out of order.
The central issue in this case is whether the trial court abused its discretion in prohibiting the Commission from exercising authority over Taxpayers' appeals. "A writ of prohibition is available in the following circumstances: (1) to prevent a usurpation of judicial power when the circuit court [or administrative agency] lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion when the lower court [or agency] lacks the power to act as intended; or (3) when a party may suffer irreparable harm if relief is not granted." State ex rel. St. Charles Cty. v. Cunningham , 401 S.W.3d 493, 495 (Mo. banc 2013) ; State ex rel. Carter v. City of Independence , 272 S.W.3d 371, 374 (Mo. App. W.D. 2008) (holding that a trial court may issue a writ of prohibition directed to an administrative agency). Additionally, "[p]rohibition may be appropriate to prevent unnecessary, inconvenient, and expensive litigation." Cunningham , 401 S.W.3d at 495 (quoting State ex rel. Houska v. Dickhaner , 323 S.W.3d 29, 32 (Mo. banc 2010) ).
Taxpayers' first point on appeal argues that Taxpayers were entitled to appeal the County Board's dismissal of the 2014 appeals to the Commission as a matter of law, and that the trial court's contrary conclusion reflected an improper construction of section 138.135.2. To resolve this issue, it is necessary to distinguish between statutes which authorize administrative review of tax assessments from the statute which limits the remedy available to a taxpayer who seeks review of an assessment in an even-numbered year.
Pursuant to section 137.385, which applies *402 to first-class counties[8] through section 137.325, "[a]ny person aggrieved by the assessment of his property may appeal to the county board of equalization." A taxpayer has the additional right to appeal from a county board to the Commission under section 138.430.1:
Every owner of real property or tangible personal property shall have the right to appeal from the local boards of equalization to the state tax commission ... following the final action of the local board of equalization ... concerning all questions and disputes involving the assessment against such property, the correct valuation to be placed on such property, the method or formula used in determining the valuation of such property, or the assignment of a discriminatory assessment to such property. The commission shall investigate all such appeals and shall correct any assessment or valuation which is shown to be unlawful, unfair, improper, arbitrary or capricious.
In entertaining appeals authorized by section 137.385 and section 138.430.1, the remedy that a county board or the Commission can issue in an even-numbered year for properties in certain first-class counties is limited by section 138.135.2:
In any county of the first classification with a population of at least nine hundred thousand inhabitants, when there is an order of the board of equalization or the state tax commission, including a settlement order, relating to the assessment of property, the assessment shall remain the same for the subsequent even-numbered year unless there has been new construction or property improvements between January first of the odd-numbered year and January first of the following even-numbered year .
(Emphasis added).
Here, after appealing their 2013 assessments to the County Board, the Taxpayers did not further appeal to the Commission. When the assessments affirmed by the County Board in 2013 were again levied against the properties by the Assessor in 2014, the Taxpayers once again appealed the assessments to the County Board. The plain language of section 137.385 authorized the filing of these appeals, as section 137.385 provides that "[a]ny person aggrieved by the assessment of his property may appeal to the county board of equalization."[9] There is nothing in section 137.385 which limits a taxpayer's right to appeal to a county board of equalization to odd-numbered tax years. Nor does section 137.385 identify additional prerequisites or conditions which must be demonstrated in order to exercise the right of appeal in an even-numbered year.
However, though Taxpayers had the statutory right to appeal their 2014 assessments to the County Board, section 138.135.2 plainly limited the County Board's authority with respect to disposing of those appeals. Section 138.135.2 unambiguously *403 provides that the County Board had no authority to modify the 2014 assessments "unless there ha[d] been new construction or property improvements" in 2013. Thus, though the County Board had the authority to hear Taxpayers' 2014 appeals, the County Board had no authority to afford Taxpayers any relief in the form of modified assessments, absent a showing of new construction or property improvements in 2013.
There is nothing in the record on appeal demonstrating that Taxpayers alleged in their appeals to the County Board that new construction or property improvements had been made on any of the properties in 2013. The record on appeal does not include documentation concerning Taxpayers' 2014 appeals to the County Board. Consequently, we assume that any such documentation failed to include allegations of new construction or property improvements on the properties in 2013. "Where pleadings, transcripts, or exhibits are not made a part of the record on appeal, such 'omissions will be taken as favorable to the trial court's ruling and unfavorable to the appellant.' " Dye v. Mo. Dep't of Soc. Servs. , 476 S.W.3d 359, 364 n.6 (Mo. App. W.D. 2015) (quoting Saturn of Tiffany Springs v. McDaris , 331 S.W.3d 704, 712 (Mo. App. W.D. 2011) ). More to the point, the trial court concluded that Taxpayers had not claimed new construction or property improvements on the properties in 2013, a finding Taxpayers do not challenge on appeal.[10]
It is apparent, therefore, that Taxpayers' 2014 appeals to the County Board were without merit as a matter of law-not because the County Board could not technically entertain Taxpayers' appeals, but because the County Board had no authority pursuant to section 138.135.2 to modify the 2014 assessments, rendering the appeals an exercise in futility. The County Board's decision to dismiss the appeals was not legally erroneous.[11]
The County Board's decision to dismiss Taxpayers' 2014 appeals constituted a final decision by the County Board. Generally, " '[f]inality' is found when '[an] agency arrives at a terminal, complete resolution of the case before it.' " Dore & Assocs. Contracting, Inc. v. Mo. Dep't of Labor & Indus. Relations Comm'n , 810 S.W.2d 72, 75-76 (Mo. App. W.D. 1990) (quoting Nat'l Treasury Emps. Union v. Fed. Labor Relations Auth. , 712 F.2d 669, 671 (D.C. Cir. 1983) ). Taxpayers appealed from the County Board's final decision to the Commission, and identified the issues on appeal as overvaluation of the properties and the County Boards' refusal to afford Taxpayers a hearing.
Taxpayers' 2014 appeals to the Commission were plainly authorized by section 138.430.1. That statute provides that a taxpayer "shall have the right to appeal from the local boards of equalization to the state tax commission ... following the final action of the local board of equalization ," and that "[t]he commission shall investigate all such appeals ." (Emphasis added). As with section 137.385 regarding appeals to a county board, there is nothing in section 138.430.1 which restricts a taxpayer's right to appeal to the Commission to odd-numbered tax years. Nor does section *404 138.430.1 identify additional prerequisites or conditions which must be demonstrated in order to exercise the right of appeal in an even-numbered year. Instead the plain language of section 138.430.1 permits an appeal to the Commission from any final decision of a county board, regardless when the decision is issued.
However, as with the County Board, the Commission was strictly limited by section 138.135.2 in the remedy it could provide Taxpayers, at least with respect to their challenge to valuation. Though the Commission had the authority to hear Taxpayers' 2014 appeals from the County Board pursuant to section 138.430.1, the Commission had no authority pursuant to section 138.135.2 to modify Taxpayers' 2014 assessments for the same reason the County Board could not have modified the assessments. The forms used by Taxpayers to initiate the 2014 appeals with the Commission claim that the Taxpayers' properties were overvalued, but do not allege that new construction or property improvements were made on the properties in 2013-the sole and only assertion that could have afforded the Commission the statutory authority to modify the 2014 assessments.
Because the Commission plainly had the statutory authority and obligation to hear Taxpayers' 2014 appeals, it was legally erroneous for the trial court to issue a permanent writ of prohibition based on a contrary conclusion. However, that determination does not end our analysis of Taxpayers' first point on appeal. The trial court alternatively based the issuance of a permanent writ of prohibition on its finding that Taxpayers made no claims of new construction or property improvements in 2013, and on the related (and accurate) legal conclusion that as a result, the Commission was "powerless to change the [T]axpayers' assessments," pursuant to section 138.135.2. "Prohibition [is] appropriate to prevent unnecessary, inconvenient, and expensive litigation." Cunningham , 401 S.W.3d at 495 (quoting Dickhaner , 323 S.W.3d at 32 ). Taxpayers have advanced no argument whatsoever to contest the trial court's conclusion that even had the 2014 appeals been entertained by the Commission, the Commission could not have modified the 2014 assessments as a matter of law. "To reverse the [trial] court's judgment ... [Taxpayers] would necessarily have to establish that all of the reasons that the [trial] court articulated in its judgment were wrong." Knight v. Con-Agra Foods, Inc. , 476 S.W.3d 355, 358 (Mo. App. W.D. 2015) (quoting City of Peculiar v. Hunt Martin Materials, LLC , 274 S.W.3d 588, 590-91 (Mo. App. W.D. 2009) ). Thus, the trial court did not abuse its discretion in prohibiting the Commission from hearing Taxpayers' 2014 appeals because the Commission had no authority to afford the remedy requested-the modification of the 2014 assessments.
Point I is denied.
In their third point on appeal, Taxpayers contend that it was error to issue a permanent writ of prohibition because they were entitled to appeal to the Commission the County Board's dismissal of their appeals without a hearing. It is true that in addition to alleging overvaluation, Taxpayers' 2014 appeals to the Commission also contended that the County Board wrongfully denied Taxpayers a hearing in violation of section 138.135.3. Section 138.135.3 states that in a county such as St. Louis County:
"[W]hen a hearing is conducted by the board of equalization pursuant to this chapter, if the property owner requests to be heard by a majority of the board of equalization, and a majority of the board of equalization is not in attendance for *405 any reason, the position of the property owner shall prevail without further action."
Plainly, the provisions of section 138.135.3 do not require a hearing, and provide only that if a hearing is conducted, it shall be heard by a majority of the county board "if the property owner requests to be heard by a majority of the board of equalization." (Emphasis added).
The record on appeal does not establish that Taxpayers ever requested to be heard by a majority of the County Board. In a post-trial motion to amend the judgment filed with the trial court, Taxpayers mentioned "specific requests to have their appeals heard by a majority of the [County Board]," but Taxpayers do not provide any evidence, in the motion to amend or here on appeal, that they made any such "specific requests."[12] As previously noted, Taxpayers have not included documents regarding their 2014 appeals to the County Board in the record on appeal. We assume that those documents are unfavorable to Taxpayers, and do not include requests for a hearing by a majority of the County Board. Dye , 476 S.W.3d at 364 n.6.
Because section 138.135.3 does not require a hearing at all, let alone with the majority of the County Board absent a request from the property owner, and because there is no evidence that Taxpayers made a request to be heard by a majority of the County Board in connection with their 2014 appeals, the trial court correctly found that section 138.135.3 did not apply. Once again, Taxpayers could not have secured any relief from the Commission in connection with their 2014 appeals insofar as the request for review of the County Board's denial of hearings. The trial court did not abuse its discretion in prohibiting the Commission from exercising authority over "unnecessary, inconvenient, and expensive litigation." Cunningham , 401 S.W.3d at 495 (quoting Dickhaner , 323 S.W.3d at 32 ).
Point III is denied.
Finally, in their second point on appeal, Taxpayers argue that it was error to issue a permanent writ of prohibition because Assessor could have appealed any adverse Commission decision through regular judicial review. See section 138.430.1 ("Any person aggrieved by the decision of the commission may seek review as provided in chapter 536."). Though we agree that Assessor could have appealed any adverse Commission decision, and though the availability of a remedy on appeal can be a basis for denying a discretionary writ of prohibition, the availability of a remedy on appeal does not preclude a trial court from exercising its discretion to grant a permanent writ of prohibition. See, e.g., State ex rel. Griffin v. Belt , 941 S.W.2d 570, 572 (Mo. App. W.D. 1997) (noting that the issuance of a writ is appropriate where a party has no right to relief as a matter of law, even though a remedy by appeal could have been available). Instead, as we have noted, prohibition is appropriate to prevent unnecessary, inconvenient, and expensive litigation, even though it is axiomatic that appellate review *406 would be available at the conclusion of the litigation. The issue is not strictly whether an appeal would have been available without the issuance of a writ, but whether the remedy of appeal would have been adequate.
Here, the trial court found that Assessor's appellate remedy would be inadequate given the high number of properties involved in this proceeding. That finding, coupled with the fact that Taxpayers were not entitled to any of the relief they sought from the Commission as a matter of law, supports the trial court's conclusion that requiring Assessor to litigate Taxpayers' appeals before the Commission was not an adequate remedy for Assessor. See State ex rel. Police Ret. Sys. of St. Louis v. Mummert , 875 S.W.2d 553, 555 (Mo. banc 1994).
Point II is denied.
Conclusion
The judgment of the trial court granting a permanent writ of prohibition is affirmed, for the reasons herein stated.
All concur

All statutory references are to RSMo 2016 unless otherwise indicated.

The record reflects that 96 assessments were appealed to the Commission. We only address the 95 properties included in the notice of appeal to our court.

Assessor originally filed the petition for writ of prohibition in the Circuit Court of St. Louis County, but it was later transferred to the Circuit Court of Cole County.

Additionally, the trial court found that the owners of the six properties involved in settlements with the Assessor in 2013 were contractually barred from pursuing an appeal in 2014. This finding is not challenged on appeal. Consequently, the trial court's finding as to those six properties is conceded by Taxpayers, though Taxpayers have nonetheless included the six properties subject to settlement in their notice of appeal.
Furthermore, the record reflects that the claims involving five properties included in the notice of appeal to this court were jointly dismissed by the parties while the writ proceeding was pending before the trial court. Nonetheless, the trial court included the case numbers for four of these jointly-dismissed properties within the numbered range of appeals as to which it prohibited the Commission from exercising authority. The parties do not address this discrepancy.
Though the notice of appeal to this court improvidently includes some properties as to which Taxpayers' 2014 appeals to the County Board and the Commission were contractually barred, and some properties dismissed by the parties during the pendency of the trial court's writ proceedings, we make no further effort to further differentiate which of Taxpayers' properties are properly a part of this appeal.

The Commission did not appeal the trial court's issuance of a permanent writ of prohibition. Assessor, the party who sought the writ, is the Respondent in this appeal.

Though the trial court, Taxpayers, and Assessor have referred to this issue in terms of the Commission's jurisdiction, "Missouri courts recognize two kinds of jurisdiction: subject matter jurisdiction and personal jurisdiction." J.C.W. ex rel. Webb v. Wyciskalla , 275 S.W.3d 249, 252 (Mo. banc 2009). Subject matter jurisdiction is governed directly by the Missouri Constitution. Id. at 253. When a statute speaks in jurisdictional terms, or is read in jurisdictional terms as section 138.135.2 is read here, it is proper to read the statute as "merely setting statutory limits on remedies" that may be granted. Id. at 255. We will discuss section 138.135.2 in terms of the limits it imposes on the Commission's "authority" rather than the Commission's "jurisdiction," as the Commission does not derive its power to act directly from the Missouri Constitution. "As a creature of statute, an administrative agency's authority is limited to that given it by the legislature." State ex rel. Mo. Pub. Def. Comm'n v. Waters , 370 S.W.3d 592, 598 (Mo. banc 2012) ; see also State ex rel. Praxair, Inc. v. Mo. Pub. Serv. Comm'n , 344 S.W.3d 178, 192 n.9 (Mo. banc 2011) (stating that a reference to an administrative agency's "jurisdiction" would be more appropriately phrased as a reference to its "authority").

There is no dispute that Taxpayers' properties are all in a first-class county, St. Louis County.

The parties, and the trial court, contemplate an appeal to the county board of equalization pursuant to section 137.275, which states that "[e]very person who thinks himself aggrieved by the assessment of his property may appeal to the county board of equalization." But we believe that section 137.385 is the applicable statute in this case because section 137.325 provides that "[t]he provisions of sections 137.325 to 137.420 shall apply only to counties within the first class as provided by law." While sections 137.275 and 137.385 impose different procedural requirements depending on the county classification, the two statutes are materially identical in granting aggrieved property owners the ability to "appeal to the county board of equalization."

Taxpayers challenged the evidentiary basis for this finding in a post-trial motion to amend the judgment, but have not reasserted this challenge on appeal. Thus, Taxpayers concede the evidentiary basis supporting the trial court's conclusion that neither new construction nor property improvements have been claimed.

We address, infra , Taxpayers' additional argument that hearings were required before the County Board dismissed Taxpayers' appeals.

Neither Taxpayers' Statement of Facts nor Point Relied On allege that a request was made for a hearing before a majority of the County Board. During oral argument, Taxpayers asserted that the transcript made before the trial court in connection with the writ proceeding established that such a request was made. However, our review of the transcript indicates to the contrary. In fact, when asked whether he knew if any such request had been made, the Taxpayers' representative testified that he was unaware of any request. Though the Taxpayers' representative testified that the Taxpayers wanted a hearing before the County Board, he did not testify that a request was made of the County Board for a hearing at all, let alone before a majority of the board.